258    CIRCUIT COURT REPORTS—NEW SERIES.

Wilson Co. v. Cleveland Elec. Ry. Co.    [Vol. VII, N. S.

## PROCEEDINGS IN AID OF EXECUTION.

[Circuit Court of Cuyahoga County.]

### SIDNEY S. WILSON CO. v. THE CLEVELAND ELECTRIC RAILWAY COMPANY.

Decided June 26, 1905.

*Pleadings—Action Against Debtor of Judgment Debtor—Proceedings in Aid of Execution—Sections 6680-3 and 6680-5.*

Where a creditor of a judgment debtor, because of failure to appear or refusal to answer when duly notified in the proceedings in aid of execution before a justice of the peace, has been ordered to pay money to the plaintiff, as provided in Section 6680-3 and Section 6680-4, Revised Statutes, and said plaintiff under favor of Section 6680-5 brings his action against said creditor, the petition must set forth not only the proceedings before the justice, but also an allegation that the defendant is in fact indebted to the judgment debtor. *Carlin* v. *Hower,* 5 C. C.—N. S., 70, overruled.

WINCH, J.; MARVIN J., and HENRY, J., concur.

Error to the court of common pleas.

Plaintiff having procured a judgment against one Phelps, brought proceedings in aid of execution before a justice of the peace, under favor of Sections 6680-1 to 5 inclusive, and caused defendant to be ordered to appear before said justice on a day specified, and answer whether it was liable to said Phelps in any sum of money.

The defendant disregarded said order and neglected to appear and answer, whereupon the justice proceeded as if defendant had admitted money to be in his hands sufficient to satisfy said judgment and costs, and ordered defendant to pay the same to plaintiff to be applied according to law.

Defendant failed to comply with said order, whereupon plaintiff proceeded against it by civil action, and the case being appealed to the common pleas court, plaintiff filed a petition therein fully reciting said proceedings in aid of execution and the order therein made that defendant pay a certain sum to defendant and concluded with the averment, "by reason of the premises there is due and payable from said defendants to this plaintiff the sum of $284.91, with interest thereon from the

3d day of January, 1905," and a prayer for judgment in said amount.

To this petition defendant demurred and the court sustained said demurrer on the ground that the petition was deficient in that it failed to allege that defendant was in fact liable in any sum of money to said Phelps, at the time it was first ordered to appear and answer with reference thereto.    ,

Thereupon, plaintiff not desiring to plead further, judgment was rendered against it and the case brought here for review.

Plaintiff contends that the order made by the justice requiring defendant to pay a certain sum of money to plaintiff is a final order, and, standing unreversed, is conclusive between the parties to this suit. Were such the case the petition would doubtless be sufficient.

While we have no decision of the Supreme Court upon the subject, the following appears as *obiter* in the opinion by Judge Price in the case of *Duffey* v. *Reardon*, 70 O. S., 328, 333:

"As to the person, partnership or corporation cited to appear and answer in such proceeding, it appears from this section that the order of the justice of the peace is not a final order, precluding further inquiry or proceedings. The party may decline to obey the order of the justice, and in such case the judgment creditor may resort to a civil action against him, in which any proper defense may be set up by answer."

The learned judge then calls attention to the similarity of the provisions of the statute regulating proceedings in aid of execution and attachment and garnishee proceedings.

Comparing Section 6680-5, which authorizes the action here brought, with Section 5551, which authorizes a similar action in event a garnishee refuses to answer, we see that they are so much alike that they may be said to be identical as to the form of action provided for.

The law regarding garnishees has been construed by the Supreme Court in the case of *Secor* v. *Witter*, 39 O. S., 218, and, because of the similarity of the two statutes, we are led to the conclusion that language used by Judge Johnson on page 231 of the opinion of that case, is applicable to the case at bar, makes clear the relation of the parties to each other, and thereby settles the question here raised. Says Judge Johnson:

"The order made by the justice is not an adjudication be-
tween the plaintiff and the garnishee. It does not determine
their ultimate rights. In legal effect it is only an assignment
of the claim from the debtor to the creditor in attachment. If
the garnishee fails to appear and answer, or if his answer is
not satisfactory, or if he does not comply with the order, he is
liable to an action as in other cases. In such an action he is
a party entitled to his day in court, and the final determina-
tion of that action is a judgment either charging or discharging
him. * * * *This statutory order simply authorizes
the plaintiff in attachment to take the place of the defendant
and sue in his own name, if the order is not complied with.*"

This conception of the relation of the parties applied to the
situation here leads to the conclusion that the plaintiff, by
virtue of the order of the justice, has merely stepped into
Phelps' shoes and has the same rights, no greater and no less,
to prosecute an action against the defendant to recover from it
the money, if any, which it owes Phelps.

This conclusion arises naturally in the case of proceedings in
aid of execution, by reason of the provisions in Section 6680-5,
to the effect that "judgment may be rendered in favor of the
judgment creditor for what shall appear to be owing the judg-
ment debtor by such person, partnership or corporation, not
exceeding the amount of such order and costs," etc.

If the judgment creditor merely takes the place of the judg-
ment debtor when he brings suit against one owing the latter,
it follows that his petition must set forth not only the proceed-
ings by virtue of which he has obtained an assignment of the
debtor's claims, but also a statement that the defendant was in
fact indebted to the judgment debtor at the time it was first
served with the order in aid of execution.

The common pleas court having taken this view of the case,
its judgment is affirmed.

So far as this ruling is in conflict with the opinion of this
court in the case of *Carlin* v. *Hower & Highbee,* 5 C. C.—N. S.
70, that case is overruled.

*John H. Smart,* for plaintiff in error.

*Squire, Sanders & Dempsey,* for defendant in error.